1  Daniel J. Herling (SBN 103711)
2  djherling@mintz.com
   MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
3  44 Montgomery Street, 36th Floor
4  San Francisco, California 94104
   Telephone:  415-432-6000
5  Facsimile:   415-432-6001

6  Nicole V. Ozeran (SBN 302321)
7  nvozeran@mintz.com
   MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
8  2029 Century Park East, Suite 3100
9  Los Angeles, CA 90067
   Telephone:  310-586-3200
10 Facsimile:   310-586-3202

11 Attorneys for Defendant Benihana, Inc.

12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15                   **WESTERN DIVISION**

16

17 YOUNGSUK KIM, an individual, and on       Case No.:
   behalf of other members of the general
18 public similarly situated,                **NOTICE OF REMOVAL OF**
                                             **ACTION FROM STATE COURT**
19                   Plaintiff,              **TO FEDERAL COURT**

20        vs.

21 BENIHANA, INC., and DOES 1-100,
   inclusive,
22

23                   Defendants.

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT

TO THE CLERK AND ALL PARTIES TO THIS ACTION:

PLEASE TAKE NOTICE that Defendant Benihana, Inc. ("Defendant") hereby removes to this Court the State Court Action described below.

### INTRODUCTION

1.     This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 4, 2019.

2.     On September 26, 2019, Plaintiff Youngsuk Kim ("Plaintiff") filed a class action complaint in the Superior Court of the State of California, County of San Bernardino ("the State Court Action"), against Defendant, styled as *Youngsuk Kim vs. Benihana, Inc.* (hereinafter "the Complaint"). The State Court Action has been accorded Case Number CIV DS 1928920.  Copies of the Complaint and civil case cover sheet are attached hereto as **Exhibit A.**

3.     The Summons purports that the Complaint and Summons were personally served on Defendant's registered agent for service of process, Corporate Creations, on October 14, 2019.  A copy of the executed Summons is attached hereto as **Exhibit B.**

4.     On October 17, 2019, the Court noticed the Case Management Conference for the State Court Action to take place on December 11, 2019 at 8:30 a.m. in Department S26 of the Superior Court of California, County of San Bernardino.  A copy of the Notice of Case Assignment and Case Management Conference is attached hereto as **Exhibit C.**

5.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days of the initial service of copies of the Summons and Complaint on Defendant.  No previous Notice of Removal has been filed with this Court.

### THE PARTIES

6.     Defendant is a Delaware corporation with its principal place of business

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT

1    in Florida.  Compl. ¶ 17; Declaration of Nicole Thaung at ¶ 5, attached hereto as
2    **Exhibit D**.

3        7.    According to the Complaint, Plaintiff is a citizen of California.  Compl.
4    ¶ 15.

5        8.    On information and belief, no persons or entities not identified as a
6    named party in the Complaint have been named or served in this action and,
7    accordingly, the consent of any persons or entities other than Defendants is not
8    needed for removal.

9                                         **VENUE**

10       9.    Venue is appropriate in the United States District Court for the Central
11   District of California pursuant to 28 U.S.C. § 1441(a), as this removal is brought in
12   the district embracing the State Court Action.

13   **DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS**
14                              **ACT OF 2005**

15       10.   This action is a civil action that may be removed pursuant to 28 U.S.C.
16   §§ 1446(a) and 1453(b) because this Court has diversity jurisdiction under the Class
17   Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d).

18       11.   Defendant is incorporated in Delaware with its principal place of
19   business in Florida.  Compl. ¶ 17; **Exhibit D** at ¶ 5; *see* 28 U.S.C. § 1332(c).

20       12.   Plaintiff is a citizen of California.  Compl. ¶ 15.

21       13.   The citizenship of the other putative class members are those persons
22   who purchased the products identified in the Complaint in California, New York,
23   Arizona, and Texas.  Compl. ¶ 28.

24       14.   Minimal diversity under CAFA is established because Plaintiff is not a
25   resident of Delaware or Florida, and the putative class is not limited to citizens of
26   Delaware or Florida.  *See* 28 U.S.C. § 1332(d)(2)(A).

27       15.   Plaintiff alleges that thousands of people have purchased the products
28

NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT

identified in the Complaint, thus the putative class exceeds 100 people, the minimum number required for jurisdiction under CAFA. *See* Compl. ¶ 30; 28 U.S.C. § 1332(d)(5)(B).

16. Finally, although the Complaint is silent as to the specific amount of monetary relief sought by the proposed class, the relief requested by the representative Plaintiff and Defendant's records demonstrate that the aggregate amount in controversy exceeds $5,000,000. **Exhibit D** at ¶ 4; 28 U.S.C. § 1332(d)(2), (6).

17. The Complaint seeks compensatory damages, punitive damages, restitution, and statutory damages. Compl. ¶¶ 65, 86. These damages satisfy the amount in controversy requirement. 28 U.S.C. § 1332(d)(6).

## CONCLUSION

18. Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Court for the Superior Court of the State of California, County of San Bernardino, as required under 28 U.S.C. § 1446(d).

WHEREFORE, pursuant to 28 U.S.C. § 1441(a) and in accordance with the procedures set forth in 28 U.S.C. § 1446, Defendants respectfully request that the above-captioned action pending in the Superior Court of the State of California, County of San Bernardino, be removed to this Court.

Dated: November 13, 2019      Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

*/s/Daniel J. Herling*

By: Daniel J. Herling
     Nicole V. Ozeran

Attorneys for Defendant Benihana, Inc.

-4-

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that I filed the foregoing **NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT** electronically on November 13, 2019, with the Clerk of the United States District Court in the CM/ECF system, which will serve a notice of the filing upon all counsel or parties of record on the email addresses listed on the court website.

*/s/Daniel J. Herling* 
Daniel J. Herling

93224440v.1

# EXHIBIT A

1 | **YOON LAW, APC**
Kenneth H. Yoon (SBN 198443)
2 | kyoon@yoonlaw.com
Stephanie E. Yasuda (SBN 265480)
3 | syasuda@yoonlaw.com
Brian G. Lee (SBN 300990)
4 | blee@yoonlaw.com
One Wilshire Blvd., Suite 2200
5 | Los Angeles, California 90017
Telephone: (213) 612-0988
6 | Facsimile: (213) 947-1211

7 | **LIM LAW GROUP, P.C.**
Preston H. Lim (SBN 275249)
8 | phl@limlawgroup.com
3435 Wilshire Blvd., Suite 2350
9 | Los Angeles, California 90010
Telephone: (213) 900-3000
10 | Facsimile: (213) 204-3000

11 | **LAW OFFICES OF JONG YUN KIM**
Jong Yun Kim (SBN 272176)
12 | jongkimlaw@hotmail.com
3600 Wilshire Blvd., Suite 2226
13 | Los Angeles, California 90010
Telephone: (213) 351-9400
14 | Facsimile: (213) 736-6514

15 | Attorneys for Plaintiffs

16 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

17 | **FOR THE COUNTY OF SAN BERNARDINO**

18 | YOUNGSUK KIM, an individual, and on behalf of other members of the general public similarly situated;

CASE NO. CIV DS 1928928

19 | **CLASS ACTION**

20 | Plaintiff,

21 | vs.

1. **VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, et seq.**
2. **VIOLATION OF BUSINESS AND PROFESSIONS CODE §17500, et seq.**
22 | BENIHANA, INC., a Florida corporation; and DOES 1-100, inclusive
3. **VIOLATION OF CALIFORNIA CIVIL CODE § 1750. et seq.**
23 |
4. **BREACH OF EXPRESS WARRANTY**

Defendants.
24 | **JURY TRIAL DEMANDED**

25 |
26 |
27 |
28 |

**CLASS ACTION COMPLAINT**

1       Plaintiff Youngsuk Kim ("Plaintiff") alleges the following based upon personal knowledge

2 as to himself and his own acts, and upon information and belief and the investigation by Plaintiff's

3 counsel, Plaintiff believes that substantial additional evidentiary support exists for the allegations

4 set forth herein and will be available after a reasonable opportunity for discovery.

5                             **NATURE OF THE ACTION**

6       1.      This action seeks to remedy the unfair, deceptive, and unlawful business practices

7 of Benihana, Inc. ("Defendant" or "Benihana") with respect to the adulteration of food and the

8 false advertising or misbranding of food items. Specifically, during the Class Period (defined

9 below), Benihana employs a classic bait and switch tactic whereby it falsely labeled and

10 advertised food products containing crab on their menu, when in fact, no crab meat was present in

11 the product.

12       2.      Benihana Inc. is an American restaurant company based in Aventura, Florida. It

13 owns or franchises 116 Japanese cuisine restaurants around the world, including its flagship

14 Benihana Teppanyaki brand, as well as the Haru and RA Sushi restaurants. Benihana sells food

15 items containing "crab" on their menu, including but not limited to Shrimp Lovers Roll, Shrimp

16 Crunchy Roll, Alaskan Roll, Dragon Roll, Chili Shrimp Roll, Rainbow Roll, Spider Roll, Sumo

17 Roll Baked, and Lobster Roll, and/or California Roll (hereinafter the "Food Product(s)") at any

18 and all of their locations in California during the last four years.

19       3.      In connection with the sale of the Food Products, Benihana has engaged in unfair

20 and deceptive practices constituting violations of the CLRA by purporting to represent that the

21 Food Products contain "crab," when in fact, no crab meat was present in the product. Although

22 these menu items provide notice that "Kani kama crab" and "kani kama crab mix" contain

23 imitation crab, they have failed to disclose that the Food Products contain "Kani kama crab" or

24 "kani kama crab mix," thereby misleading and deceiving their customers into believing that the

25 Food Products contain actual crab meat. In doing so, they have intentionally misbranded the Food

26 Products by using imitation crab meat in the Food Products, despite advertising that these Food

27 Products contain "crab."

28       4.      As such, Benihana has concealed, suppressed and/or misrepresented through the in-

2

**CLASS ACTION COMPLAINT**

1   store and online menus regarding the contents of the Food Products in violation of Civil Code

2   section 1770. The company also has engaged in unfair business practices under Business and

3   Professions Code section 17220, et seq., engaged in false advertising, fraud, negligent

4   misrepresentation and related violations. Benihana has  represented that the Food Products have

5   characteristics and ingredients which they do not have. It also represented that the Food Products

6   are of a particular standard quality or grade, when they are not.

7       5.      Food items are displayed with pricing and ingredient information; however, the

8   ingredient information is false and deceptive.

9       6.      When purchasing food items from Benihana, Plaintiff relied on Defendant's

10  misrepresentations on the menu. Plaintiff would not have purchased the various Food Products

11  had he known that Defendant's representations were false and misleading.

12      7.      Defendant's conduct of falsely marketing, advertising, labeling, and selling its

13  Food Products constitutes unfair, unlawful, and fraudulent conduct; is likely to deceive members

14  of the public; and is unethical, oppressive, unscrupulous, and/or substantially injurious to

15  consumers, because, among other things, it misrepresents the characteristics of goods and services.

16      8.      Benihana intentionally concealed and failed to disclose the truth about its

17  misrepresentations and false advertising scheme for the purpose of inducing Plaintiff and others

18  similarly situated to purchase food items at Benihana.

19      9.      Through its false and deceptive marketing, advertising and pricing scheme,

20  Benihana violated (and continues to violate) California laws prohibiting advertising goods for sale

21  of prices which are false. Specifically, Defendant violated (and continues to violate) California's

22  Business & Professions Code §§ 17200, et seq. (the "UCL"), California's Business & Professions

23  Code §§ 17500, et seq. (the "FAL"), the California Consumers' Legal Remedies Act, California

24  Civil Code §§ 1750, et seq.,(the  "CLRA"); the warranty laws of California; California common

25  law; Arizona Consumer Fraud Act, A.R.S. § 44-1521 et seq.; Texas Deceptive Trade Practices-

26  Consumer Protection Act, Business & Commerce Code § 17.41 et seq.; and New York Deceptive

27  Acts and Practices Act, N.Y. Gen. Bus. Law § 349 et seq.

28      10.     Plaintiff, individually and on behalf of all others similarly situated, seeks restitution

3

**CLASS ACTION COMPLAINT**

1  and other equitable remedies, including an injunction under the UCL and FAL; and restitution,

2  damages and an injunction under the CLRA.

3  ## JURISDICTION AND VENUE

4      11.    This class action is brought pursuant to the California Code of Civil Procedure

5  section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal

6  jurisdiction limits of the Superior Court and will be established according to proof at trial.

7      12.    This Court has jurisdiction over this action pursuant to the California Constitution,

8  Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes"

9  except those given by statute to other courts.  The statutes under which this action is brought do

10  not specify any other basis for jurisdiction.

11      13.    This Court has jurisdiction over the named Defendant and DOES 1 through 100

12  because, upon information and belief, Defendant has sufficient minimum contacts with the State

13  of California or otherwise intentionally avail themselves of the California market so as to render

14  the exercise of jurisdiction over them by the California courts consistent with traditional notions of

15  fair play and substantial justice.

16      14.    Venue is proper in this Court because, upon information and belief, Defendant

17  maintains offices, has agents, and/or transacts business in the State of California, County of San

18  Bernardino, and the acts and omissions alleged herein took place in the State of California, County

19  of San Bernardino.

20  ## PARTIES

21      15.    Plaintiff Youngsuk Kim is an individual and consumer residing in the State of

22  California. During the Class Period, Plaintiff purchased Food Products from Benihana locations in

23  California, including locations in the city of Santa Monica.

24      16.    Prior to purchasing the Product, Plaintiff read and relied upon false and misleading

25  statements that were prepared by and/or approved by Defendant and its agents and disseminated

26  through hard-copy and online menus. For each purchase, he understood that he was paying a

27  particular price for a particular item and was deceived when he received an item other than that

28  labeled and advertised. Plaintiff would not have purchased the Food Products, and/or would not

4

**CLASS ACTION COMPLAINT**

1   have paid a premium for the Food Products had he known the true quality and ingredients of the

2   Food Products. Plaintiff thus was damaged by Defendant's practice.

3       17.     Benihana, Inc. is a Florida corporation with a principal place of business in

4   Aventura, Florida. Benihana distributes, markets, advertises, and sells in-store food items at its

5   stores in California and throughout the rest of the United States. Benihana has experienced

6   massive growth, both domestically and internationally.

7       18.     The use of the term "Defendant" in any of the allegations in this Complaint, unless

8   specifically alleged otherwise, is intended to include and charge, both jointly and severally, not

9   only the Defendant identified in this Complaint, but also all Defendants designated as DOES 1

10  through 100, inclusive, as though the term "Defendant" was followed in each and every instance

11  throughout this Complaint with the phrase "and each of them jointly and severally, including the

12  named Defendant and Defendants included herein and sued under the fictitious names of DOES 1

13  through 100, inclusive."

14      19.     Plaintiff is informed and believes, and thereon alleges, that Defendant, at all times

15  herein mentioned, were the partners, joint venturers, subsidiaries, successors in interest, managing

16  agent, merged entities, agents, alter egos, part of a jointly owned, managed, and/or operated

17  business enterprise, and/or employees of each other Defendant and in doing the acts, omissions,

18  and things alleged herein were acting as such and within the scope of their authority as such agents

19  and employees and with the permission and consent of all other Defendant. Plaintiff is informed

20  and believes, and thereon alleges, that Defendant has, and at all times herein mentioned had, a

21  joint economic and business interest, goal and purpose in the products that are the subject of this

22  lawsuit.

23                              **ALLEGATIONS OF FACT**

24      20.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant

25  times mentioned in this Complaint, Defendant has owned and/or operated restaurants in the State

26  of California, including in the County of San Bernardino.

27      21.     Plaintiff is informed and believes, and based thereon alleges, that Defendant fail to

28  disclose in their menus that the Food Products do not contain real crab meat.

22.      At all times mentioned in this Complaint, Defendant through their menus have suppressed and concealed and continue to suppress and conceal the fact that the Food Products do not contain crab meat. For example, Defendant do not state anywhere in their restaurant or in their in-store menus that the Food Products do not contain crab meat.

23.      During the last four years, Plaintiff purchased the Food Products, purportedly containing crab meat at the restaurant owned, operated or managed by Defendant, specifically Benihana located at 1447 4th Street, Santa Monica, in the State of California, believing and having been led to believe that the Food Products actually contained crab meat.

24.      At all times herein relevant, when Plaintiff purchased the Food Products, he was exposed to Defendant's in-store menus, which did not disclose that the Food Products did not contain crab meat. To his detriment, Plaintiff relied upon these in-store menus when purchasing and consuming the Food Products.

25.      Plaintiff is informed and believes, and based thereon alleges, that Defendant's concealment of the fact that the Food Products do not contain crab meat and being explicitly informed by Defendant's in-store menus that the Food Products contain crab meat, was the immediate cause of Plaintiff and the other class members consuming the Food Products.

26.      In light of Defendant's representations and omissions, as alleged herein, regarding the Food Products, Plaintiff and members of the putative class reasonably believed that the Food Products contained crab meat.

27.      Plaintiff is informed and believes, and based thereon alleges, as a result of Defendant's false and misleading representations, as alleged herein, Plaintiff has suffered damages including, but not limited to, monetary loss, caused by the fact he was misled by Defendant's in-store menus into purchasing and consuming the Food Products, which did not contain crab meat.

## CLASS ACTION ALLEGATIONS

28.      Plaintiff brings this action individually and on behalf of all other persons similarly situated pursuant to California Code of Civil Procedure Section 382. The Classes which Plaintiff seeks to represent comprise:

**CLASS ACTION COMPLAINT**

**California Class**

All persons in California who purchased Food Products from Benihana for personal or household use, and not for resale or distribution purposes, that Benihana's menu labeled to contain "crab," between September 26, 2015 and the date of judgment in this action. Specifically excluded from this Class are Benihana; the officers, directors, or employees of Benihana; any entity in which Benihana has a controlling interest; and any affiliate, legal representative, heir, or assign of Benihana. Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

**State Consumer Protection Class**

All persons in California, New York, Arizona, or Texas who purchased Food Products from Benihana for personal or household use, and not for resale or distribution purposes, that Benihana's menu labeled to contain "crab," between September 26, 2015 and the date of judgment in this action. Specifically excluded from this Class are Benihana; the officers, directors, or employees of Benihana; any entity in which Benihana has a controlling interest; and any affiliate, legal representative, heir, or assign of Benihana. Also excluded are those who assert claims for personal injury as well as any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

29.     Plaintiff reserves his rights under California Rule of Court 3.769(b) to amend or modify the Class definitions with greater specificity or further division into sub-class or limitation to particular issues.

30.     The Classes are sufficiently numerous, as it includes thousands of persons who have purchased the Food Products. Thus, joinder of such persons in a single action or bringing all members of the Classes before the Court is impracticable for purposes of California Code of Civil

7

Procedure Section 382. The question is one of a general or common interest of many persons and it is impractical to bring them all before the Court. The disposition of the claims of the members of the Classes in this class action will substantially benefit both the parties and the Court.

31.     Plaintiff will fairly and adequately represent and protect the interests of the other members of each respective Class for purposes of California Code of Civil Procedure Section 382. Plaintiff has no interests antagonistic to those of other members of each respective Class. Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent her. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

32.     Class certification is appropriate under California Code of Civil Procedure Section 382 because Defendant has acted on grounds that apply generally to each Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting each Class as a whole. Defendant utilizes an integrated, nationwide menu label that includes uniform misrepresentations that misled Plaintiff and the other members of the Classes.

33.     Class certification is appropriate under California Code of Civil Procedure Section 382 because common questions of law and fact substantially predominate over any questions that may affect only individual members of the Classes. Among these common questions of law and fact are:

      a.   Whether Defendant engaged in a pattern or practice of concealing, suppressing and/or misrepresenting in their menus the fact that the Food Products do not actually contain "crab" meat.

      b.   Whether Defendant engaged in a pattern or practice of concealing, suppressing and/or misrepresenting the source, quality, and/or method of obtaining the Food Products.

      c.   Whether Defendant thereby engaged in consumer fraud, deceptive trade practices, or other unlawful acts.

      d.   Whether Class Members are entitled to damages including punitive damages, restitution, disgorgement of profits, and injunctive relief, and the proper

8

**CLASS ACTION COMPLAINT**

1      measure, nature and extent of such relief.

2          e.   Whether the Plaintiff and the Class Members suffered monetary, general,

3               consequential, and special damages and, if so, what is the measure of those

4               damages.

5          f.   Whether Plaintiff and members of the Classes are entitled to injunctive and other

6               equitable relief.

7          g.   Whether Defendant were unjustly enriched by their conduct.

8      34.   Defendant engaged in a common course of conduct giving rise to the legal rights

9  sought to be enforced by the members of the Classes. Similar or identical statutory and common

10  law violations and deceptive business practices are involved. Individual questions, if any, pale by

11  comparison to the numerous common questions that predominate.

12      35.   The injuries sustained by Plaintiff and the members of the Classes flow, in each

13  instance, from a common nucleus of operative facts – Defendant's misconduct.

14      36.   Plaintiff and the members of the Classes have been damaged by Defendant's

15  misconduct. The members of the Classes have paid for a product that would not have been

16  purchased in the absence of Defendant's deceptive scheme, or, alternatively, would have been

17  purchased at a lesser price.

18      37.   Proceeding as a class action provides substantial benefits to both the parties and the

19  Court because this is the most efficient method for the fair and efficient adjudication of the

20  controversy. Members of the Classes have suffered and will suffer irreparable harm and damages

21  as a result of Defendant's wrongful conduct. Because of the nature of the individual claims of the

22  members of the Classes, few, if any, could or would otherwise afford to seek legal redress against

23  Defendant for the wrongs complained of herein, and a representative class action is therefore the

24  appropriate, superior method of proceeding and essential to the interests of justice insofar as the

25  resolution of claims of the members of the Classes is concerned. Absent a representative class

26  action, members of the Classes would continue to suffer losses for which they would have no

27  remedy, and Defendant would unjustly retain the proceeds of its ill-gotten gains. Even if separate

28  actions could be brought by individual members of the Classes, the resulting multiplicity of

9

**CLASS ACTION COMPLAINT**

1   lawsuits would cause undue hardship, burden, and expense for the Court and the litigants, as well

2   as create a risk of inconsistent rulings, which might be dispositive of the interests of the other

3   members of the Classes who are not parties to the adjudications and/or may substantially impede

4   their ability to protect their interests.

5   **FIRST CAUSE OF ACTION**

6   **UNFAIR, UNLAWFUL, AND FRAUDULENT BUSINESS PRACTICES**

7   **IN VIOLATION OF BUSINESS & PROFESSIONS CODE§ 17200, *et seq.***

8   **(By Plaintiff and the California Class against Defendant)**

9        38.    Plaintiff repeats and realleges the allegations set forth above and incorporates the

10   same as if set forth herein at length.

11        39.    This cause of action is brought pursuant to Business and Professions Code § 17200,

12   *et seq.*

13        40.    In the labeling and advertising of its Food Products, Defendant makes false and

14   misleading statements regarding the ingredients of products. Specifically, Defendant labels and

15   advertises that the Food Products contain real crab meat when they do not.

16        41.    Defendant is aware of the representations it makes regarding the ingredients on its

17   menu are false and misleading.

18        42.    As alleged in the preceding paragraphs, the misrepresentations by Defendant of the

19   material facts detailed above constitute an unfair and fraudulent business practice within the

20   meaning of California Business & Professions Code § 17200.

21        43.    There were reasonably available alternatives to further Defendant's legitimate

22   business interests, other than the conduct described herein.

23        44.    All of the conduct alleged herein occurs and continues to occur in Defendant's

24   business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct

25   repeated on thousands of occasions daily.

26        45.    Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the

27   members of the Class seek an order of this Court enjoining Defendant from continuing to engage,

28   use, or employ their practice of advertising the sale of their food products. Likewise, Plaintiff and

1  the members of the Class seek an order requiring Defendant to disclose such misrepresentations,
2  and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired
3  by Defendant by means of responsibility attached to Defendant's failure to disclose the existence
4  and significance of said misrepresentations.

5  **SECOND CAUSE OF ACTION**
6  **FALSE AND MISLEADING ADVERTISING**
7  **IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.***
8  **(By Plaintiff and the California Class against Defendant)**

9  46.   Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs
10 and incorporates the same as if set forth herein at length.

11 47.   This cause of action is brought pursuant to Business and Professions Code § 17500,
12 *et seq.*

13 48.   As alleged above, Defendant made untrue, false, deceptive and/or misleading
14 statements in connection with the labeling and advertising of the Food Products.

15 49.   Defendant made representations and statements (by omission and commission) that
16 led reasonable customers to believe that they were purchasing items containing crab, when in fact,
17 no crab meat was present in the Food Products.

18 50.   Defendant further deceptively failed to inform Plaintiff and members of the Class
19 that the Food Products did not contain any crab meat.

20 51.   Plaintiff and members of the Class relied to their detriment on Defendant's false,
21 misleading and deceptive advertising and marketing practices, including each of the
22 misrepresentations and omissions set forth above.

23 52.   Had Plaintiff and members of the Class been adequately informed and not
24 intentionally deceived by Defendant, they would have acted differently by, without limitation,
25 refraining from purchasing the Food Products or paying less for them.

26 53.   Defendant's acts and omissions are likely to deceive the general public.

27 54.   Defendant engaged in these false, misleading and deceptive advertising and
28 marketing practices to increase its profits. Accordingly, Defendant has engaged in false

11
**CLASS ACTION COMPLAINT**

1  advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and

2  Professions Code.

3      55.     The aforementioned practices, which Defendant used, and continue to use, to its

4  significant financial gain, also constitutes unlawful competition and provides an unlawful

5  advantage over Defendant's competitors as well as injury to the general public.

6      56.     Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the

7  members of the Classes seek an order of this Court enjoining Defendant from continuing to

8  engage, use, or employ their practice of advertising the sale and use of Defendant's Food Products.

9  Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to disclose

10  such misrepresentations, and additionally request an order awarding Plaintiff restitution of the

11  money wrongfully acquired by Defendant by means of responsibility attached to Defendant's

12  failure to disclose the existence and significance of said misrepresentations.

13                          **THIRD CAUSE OF ACTION**

14          **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT**

15              **CALIFORNIA CIVIL CODE § 1750, *et seq.***

16          **(By Plaintiff and the California Class against Defendant)**

17      57.     Plaintiff repeats and realleges all the allegations of the previous paragraphs and

18  incorporates the same as if set forth herein at length.

19      58.     This cause of action is brought pursuant to Civil Code § 1750, *et seq.*, the

20  Consumers Legal Remedies Act ("CLRA").

21      59.     The policies, acts, and practices heretofore described were intended to result in the

22  sale of Defendant's Food Products to the consuming public .

23      60.     By engaging in the actions, representations and conduct set forth herein, Defendant

24  has violated, and continues to violate, § 1770(a)(2), § 1770(a)(5), § 1770(a)(7), and § 1770(a)(9)

25  of the CLRA. In violation of California Civil Code §1770(a)(2), Defendant's acts and practices

26  constitute improper representations regarding the source, sponsorship, approval, or certification of

27  the goods they sold. In violation of California Civil Code §1770(a)(5), Defendant's acts and

28  practices constitute improper representations that the goods they sell have sponsorship, approval,

                                    12

characteristics, ingredients, uses, benefits, or quantities, which they do not have. In violation of California Civil Code §1770(a)(7), Defendant's acts and practices constitute improper representations that the goods they sell are of a particular standard, quality, or grade, when they are of another. In violation of California Civil Code §1770(a)(9), Defendant has advertised goods or services with intent not to sell them as advertised.

61.     Specifically, Defendant's acts and practices led customers to falsely believe that the Food Products contain crab meat, when no crab meat is present.

62.     Defendant's actions as described hereinabove were done with conscious disregard of Plaintiff's rights and Defendant were wanton and malicious in their concealment of the same.

63.     Pursuant to § 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendant including, but not limited to, an order enjoining Defendant from distributing such false advertising and misrepresentations. Plaintiff shall be irreparably harmed if such an order is not granted.

64.     Pursuant to Civil Code §1782, Plaintiff gave Defendant notice by letter dated April 29, 2019, by certified mail, of the particular violations of Civil Code § 1770. The Notice requested that Defendant rectify the problems associated with the actions alleged in this Complaint and give notice to all affected consumers of its intent to so act.

65.     Plaintiff seeks, pursuant to California Civil Code § 1780(a)(3), on behalf of himself and members of the Class, compensatory damages, punitive damages and restitution of any ill-gotten gains due to Defendant's acts and practices.

## FOURTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

### (By Plaintiff and the California Class against Defendant)

66.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

67.     Defendant has broadly disseminated, and continues to make, misrepresentations and/or omissions regarding the pricing of the Food Products. Specifically, Defendant systemically represents the ingredients of the Food Products to consumers.

68.     Defendant knew that its assertions were false, but asserted such facts nonetheless, with the intent to procure each consumer's business.

69.     Had Plaintiff and the members of the Class known that Defendant's assertion was untrue, Plaintiffs and the members of the Class would not have purchased such Food Products or would have paid less for such products.

70.     As a proximate result of Defendant's deceit, as set forth above, Plaintiff and each member of the Class purchased the Food Products.

71.     Plaintiff and the members of the Class are entitled to punitive damages since Defendant willfully and fraudulently acted with malice, oppression, and/or in conscious disregard for Plaintiff's and the members of the Class' legal rights as a result of Defendant's deceit, as set forth above.

## FIFTH CAUSE OF ACTION

### VIOLATIONS OF CONSUMER FRAUD LAWS

**(By Plaintiff, the California Class, and Consumer Protection Class against Defendant)**

72.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

73.     Plaintiff brings this Count individually under the laws of the state where he purchased the Food Products and on behalf of all other persons who purchased the Food Products in states having similar laws regarding consumer fraud and deceptive trade practices; namely, in Arizona, Texas, and New York.

74.     Plaintiff and each of the other members of the Classes are consumers, purchasers, or other persons entitled to the protection of the consumer protection laws of the state in which they purchased the Food Products.

75.     The consumer protection laws of the State in which Plaintiff and the other members of the Classes purchased the Food Products declare that unfair or deceptive acts or practices, in the conduct of trade or commerce, are unlawful.

76.     Forty States and the District of Columbia have enacted statutes designed to protect

14

**CLASS ACTION COMPLAINT**

consumers against unfair, deceptive, fraudulent, and unconscionable trade and business practices and false advertising and that allow consumers to bring private and/or class actions. The relevant statutes are found at:

      a.  Arizona Consumer Fraud Act, A.R.S. § 44-1521 *et seq.*;

      b.  Texas Deceptive Trade Practices-Consumer Protection Act, Business & Commerce Code § 17.41 *et seq.*;

      c.  New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349 *et seq.*;

77.    The Food Products constitute products to which these consumer protection laws apply.

78.    In the conduct of trade or commerce regarding its production, marketing, and sale of the Food Products, Defendant engaged in one or more unfair or deceptive acts or practices including, but not limited to, falsely labeling and advertising food products containing crab on their menu, when in fact, no crab meat was present.

79.    Defendant's representations and omissions were false, untrue, misleading, deceptive, and/or likely to deceive.

80.    Defendant knew, or should have known, that their representations and omissions were false, untrue, misleading, deceptive, and/or likely to deceive.

81.    Defendant used or employed such deceptive and unlawful acts or practices with the intent that Plaintiff and members of the Classes rely thereon.

82.    Plaintiff and the other members of the Classes did so rely.

83.    Plaintiff and the other members of the Classes purchased the Food Products which misrepresented the characteristics and nature of the Product.

84.    Plaintiff and the other members of the Classes would not have purchased the Food Products but for Defendant's deceptive and unlawful acts.

85.    As a result of Defendant's conduct, Plaintiff and the other members of the Classes sustained damages in amounts to be proven at trial.

86.    Defendant's conduct showed complete indifference to, or conscious disregard for, the rights and safety of others such that an award of punitive and/or statutory damages is

15

**CLASS ACTION COMPLAINT**

1 | appropriate under the consumer protection laws of those states that permit such damages to be

2 | sought and recovered.

3 | ## PRAYER FOR RELIEF

4 |     WHEREFORE, Plaintiff prays for judgment and relief against Defendant as follows:

5 |     A.    That the Court certify the Classes pursuant to California Code of Civil Procedure

6 | Section 382 and appoint Plaintiff as Class Representative and his attorneys as Class Counsel to

7 | represent the members of the Classes;

8 |     B.    That the Court declare that Defendant's conduct violates the statutes and law

9 | referenced herein;

10 |     C.    That the Court preliminarily and permanently enjoin Defendant from conducting its

11 | business through the unlawful, unfair, or fraudulent business acts or practices, untrue, and

12 | misleading labeling and marketing and other violations of law described in this Complaint;

13 |     D.    That the Court order Defendant to conduct a corrective advertising and information

14 | campaign advising consumers that the Food Products do not have the characteristics, uses,

15 | benefits, and quality Defendant has claimed;

16 |     E.    That the Court order Defendant to implement whatever measures are necessary to

17 | remedy the unlawful, unfair, or fraudulent business acts or practices, untrue and misleading

18 | advertising, and other violations of law described in this Complaint;

19 |     F.    That the Court order Defendant to pay restitution to restore to all affected persons

20 | all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair,

21 | or a fraudulent business act or practice, untrue or misleading labeling, advertising, and marketing,

22 | plus pre and post-judgment interest thereon;

23 |     G.    That the Court order Defendant to disgorge all monies wrongfully obtained and all

24 | revenues and profits derived by Defendant as a result of its acts or practices as alleged in this

25 | Complaint;

26 |     H.    For compensatory and punitive damages in amounts to be determined by the Court

27 | and/or jury;

28 |     I.    For prejudgment interest on all amounts awarded;

16

**CLASS ACTION COMPLAINT**

1    J.      For an Order of restitution and all other forms of equitable monetary relief;

2    K.     For costs, expenses, and reasonable attorneys' fees;

3    L.     For punitive damages;

4    M.    That the Court grant such other and further relief as may be just and proper.

DATED: September 25, 2019      YOON LAW, APC

By: _____
      Kenneth H. Yoon
      Attorneys for Plaintiff
      YOUNGSUK LEE

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

DATED: September 25, 2019      YOON LAW APC

By: _____
      Kenneth H. Yoon
      Attorneys for Plaintiff
      YOUNGSUK LEE

17

**CLASS ACTION COMPLAINT**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Stephanie E. Yasuda (SBN 265480)<br>Yoon Law, APC<br>One Wilshire Boulevard, Suite 2200<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 612-0988    FAX NO.:<br>ATTORNEY FOR (Name): Plaintiff Youngsuk Kim | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>SEP 2 6 2019<br><br>BY _____<br>MARCI _____ DEPUTY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino District - Civil Division

CASE NAME:
Kim v. Benihana, Inc.

| CIVIL CASE COVER SHEET<br>☑ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: CIVDS 1 9 2 8 9 2 8<br>JUDGE:<br>DEPT: |
|---|---|---|

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☒ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify):  Four
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:  September 26, 2019

Stephanie E. Yasuda
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Youngsuk Kim

CASE NO.: **CIV DS 1 9 2 8 9 2 0**

vs.

**CERTIFICATE OF ASSIGNMENT**

Benihana, Inc.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the

San Bernardino - Civil _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General          ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7 Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8 Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15 Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other  Employment | Cause of action arose in this district; corporate defendant |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Benihana

| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | 3760 Inland Empire Blvd |
|---|---|---|
| | | ADDRESS |
| Ontario | CA | 91764 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on September 26, 2019 _____ at Los Angeles _____, California

_____
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

EXHIBIT B

# CORPORATE CREATIONS®
### Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

BENIHANA INC.                                               10/14/2019
Cristina Mendoza General Counsel
Benihana Inc.
21500 Biscayne Blvd Suite 900
Miami   FL   33180

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

| | Item: 2019-235 |
|---|---|

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | Client Entity: | BENIHANA INC. |
|---|---|---|
| 2. | Title of Action: | Youngsuk Kim, an individual and on behalf of other members of the general public similarly situated vs. Benihana, Inc., et al. |
| 3. | Document(s) Served: | Summons<br>Class Action Coomplaint |
| 4. | Court/Agency: | San Bernardino County Superior Court |
| 5. | State Served: | Florida |
| 6. | Case Number: | CIV DS 1928928 |
| 7. | Case Type: | Violation of Business and Professions Code |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Monday 10/14/2019 |
| 10. | Date To Client: | Monday 10/14/2019 |
| 11. | # Days When Answer Due: | 30      CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial |
| | Answer Due Date: | 11/12/2019    deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | SOP Sender:<br>(Name, City, State, and Phone Number) | Stephanie E. Yasuda<br>Los Angeles, CA<br>(213) 612-0988 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 101 |
| 16. | Notes: | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410    Tel: (561) 694-8107    Fax: (561) 694-1639
www.CorporateCreations.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BENIHANA, INC., a Florida corporation; and DOES 1 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YOUNGSUK KIM, an individual, and on behalf of other members of
the general public similarly situated;



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino Superior Court

247 West Third Street
San Bernardino, CA 92415

**CASE NUMBER** *(Número del Caso):*
**CIVDS 1 9 2 8 9 2 8**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephanie E. Yasuda (SBN 265480), One Wilshire Blvd., Suite 2200, Los Angeles, CA 90017, (213) 612-0988

| DATE<br>*(Fecha)* | SEP 2 6 2019 | Clerk, by<br>*(Secretario)* | Manuel Henry Andriano | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

COPY

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT C

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

BENIHANA INC.                                               11/08/2019
Cristina Mendoza General Counsel
Benihana Inc.
21500 Biscayne Blvd Suite 900
Miami  FL  33180

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

| Item: 2019-253 |
| --- |

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
| --- | --- | --- |
| 1. | **Client Entity:** | BENIHANA INC. |
| 2. | **Title of Action:** | Youngsuk Kim, an individual and on behalf of other members of the general public similarly situated vs. Benihana, Inc., et al. |
| 3. | **Document(s) Served:** | Plaintiff's Notice of Case Management Conference<br>Exhibit A |
| 4. | **Court/Agency:** | San Bernardino County Superior Court |
| 5. | **State Served:** | Florida |
| 6. | **Case Number:** | CIVDS1928928 |
| 7. | **Case Type:** | |
| 8. | **Method of Service:** | Regular Mail |
| 9. | **Date Received:** | Friday 11/8/2019 |
| 10. | **Date To Client:** | Friday 11/8/2019 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 33<br>11/11/2019    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, City, State, and Phone Number) | Kenneth H. Yoon<br>Los Angeles, CA<br>(213) 612-0988 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 101 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

31

1  KENNETH H. YOON (State Bar No. 198443)
   STEPHANIE E. YASUDA (State Bar No. 265480)
2  BRIAN G. LEE (State Bar No. 300990)
   **YOON LAW, APC**
3  One Wilshire Blvd., Suite 2200
   Los Angeles, California 90017
4  Telephone: (213) 612-0988
   Facsimile: (213) 947-1211
5
   Attorneys for Plaintiff Youngsuk Kim
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF SAN BERNARDINO**

10

11  **YOUNGSUK KIM**, an individual, and on        Case No.: CIVDS1928928
    behalf of other members of the general public
12  similarly situated;                            [Assigned for all purposes to Hon. David
                                                    Cohn, S26]
13              Plaintiff,
                                                    **PLAINTIFF'S NOTICE OF CASE**
14        vs.                                       **MANAGEMENT CONFERENCE**

15  **BENIHANA, INC.**, a Florida corporation; and   Date: December 11. 2019
    DOES 1-100, inclusive                          Time: 8:30 a.m.
16                                                  Place: Department S26
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

                                      1

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2          PLEASE TAKE NOTICE that a Case Management Conference will be held in

3  Department S26 of the above referenced Court, located at 247 W. 3rd St., San Bernardino, CA

4  92415-0210, at 8:30 a.m. on December 11, 2019.

5          A true and correct copy of the Court's Notice is attached hereto as **Exhibit A**.

6

7  Dated: October 31, 2019                **YOON LAW, APC**

8

9                      By: _____

10                         Kenneth H. Yoon
                         Stephanie E. Yasuda

11                         Brian G. Lee
            Attorneys for Plaintiff Youngsuk Kim

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF CASE MANAGEMENT CONFERENCE

# EXHIBIT A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino CA 924150210
------------------------------------------------------------------
------------------------------------------------------------------

CASE NO: CIVDS1928928

YOON LAW, APC
ONE WILSHIRE BLVD, SUITE 2200
LOS ANGELES CA 90017

I M P O R T A N T   C O R R E S P O N D E N C E

From the above entitled court, enclosed you will find:

Initial Case Management Conference Order

------------------------------------------------------------------
------------------------------------------------------------------

CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 10/17/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 10/17/19 at San Bernardino, CA

BY: ERIN MUELLER
------------------------------------------------------------------

M A I L I N G   C O V E R   S H E E T

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO JUSTICE CENTER
247 W. 3RD ST
SAN BERNARDINO, CA  92415-0210

CASE NO: CIVDS1928928

http://www.sb-court.org

-------  APPEARANCE IS MANDATORY - Unless Case is Finalized  --------

Appearance Date: 12/11/19      Time:  8:30      Dept: S26

IN RE: (COMPLEX) KIM -V- BENIHANA

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference on 12/11/19 at  8:30
in Department S26. You must appear at this hearing or your case may
be dismissed and monetary penalties may be imposed.

THIS CASE HAS BEEN ASSIGNED TO JUDGE DAVID COHN IN
DEPARTMENT S26 FOR ALL PURPOSES.

Your Joint Statement must be filed, directly in the Complex Litigation
Department, five (5) calendar days prior to the hearing.

TO THE PARTY SERVED: The setting of this date DOES NOT increase the
time you have to respond to the petition. The time for response is
clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for
further information. The guidelines may be found at the Court Website:
http://www.sb-court.org

A COPY OF THIS NOTICE MUST BE SERVED ON THE RESPONDENT
Nancy CS Eberhardt, Court Executive Officer
Date: 10/17/19                                    By: ERIN MUELLER
-------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.
DATE OF MAILING: 10/17/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 10/17/19 at San Bernardino, CA  By: ERIN MUELLER

36

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT

### Complex Litigation Program

### Judge David Cohn

### Department S-26

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 1 5 2019

KIM –V– BENIHANA

BY _____ DEPUTY
CHRISTIAN HERNANDEZ

### Case No. CIV-DS1928928

## INITIAL CASE MANAGEMENT CONFERENCE ORDER

This case is assigned for all purposes to Judge David Cohn in the Complex Litigation Program. An initial Case Management Conference (CMC) is scheduled for **DEC 1 1 2019** at 8:30 a.m., in Department S-26, located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, California, 92415.

Counsel for all parties are ordered to attend the initial CMC. Absent prior court approval, telephonic appearances are not allowed for the initial CMC. If there are defendants who have not yet made a general or special appearance, those parties who are presently before the court may jointly request a continuance of the initial CMC to allow additional time for such non-appearing defendants to make their general or special appearances. Such a request should be made by submitting a Stipulation and Proposed Order to the Court, filed directly in Department S-26.

Pending further order of this court, and except as otherwise provided in this Order, these proceedings are stayed in their entirety. This stay precludes the filing of

any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. Each defendant, however, is directed to file a Notice of General Appearance (or a Notice of Special Appearance if counsel intends to challenge personal jurisdiction) for purposes of identification of counsel and preparation of a service list. The filing of a Notice of General Appearance is without prejudice to any substantive or procedural challenges to the complaint (including subject matter jurisdiction), without prejudice to any denial or affirmative defense, and without prejudice to the filing of any cross-complaint. The filing of a Notice of Special Appearance is without prejudice to any challenge to the court's exercise of personal jurisdiction. This stay of the proceedings is issued to assist the court and the parties in managing this case through the development of an orderly schedule for briefing and hearings on any procedural or substantive challenges to the complaint and other issues that may assist in the orderly management of this case. This stay shall not preclude the parties from informally exchanging documents and other information that may assist them in their initial evaluation of the issues.

Plaintiffs' counsel is ordered to serve this Order on counsel for each defendant, or, if counsel is not known, on each defendant within five days of the date of this Order. If the complaint has not been served as the date of this Order, counsel for plaintiff is to serve the complaint along with this Order within ten days of the date of this Order.

Counsel for all parties are ordered to meet and confer in person no later than ten days before the initial CMC to discuss the subjects listed below. Counsel must be fully prepared to discuss these subjects with the court.

<u>Agenda for the Initial CMC</u>

1. Any issues of recusal or disqualification;

2. Any potentially dispositive or important threshold issues of law or fact that, if considered by the court, may simplify or further resolution of the case;

3. Appropriate mechanisms for Alternative Dispute Resolution;

4. A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5. A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6. Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7. Any issues involving the protection of evidence and confidentiality;

8. The use and selection of an electronic service provider;

9. The handling of any potential publicity issues.

10. Any other issues counsel deem appropriate to address with the court.

<u>The Joint Report</u>

**Counsel are ordered to prepare a Joint Report for the initial CMC, to be filed directly in Department S-26 (not in the Clerk's office), no later than five court days before the conference date.** The Joint Report must include the following:

1. Whether the case should or should not be treated as complex;

2. Whether additional parties are likely to be added and a proposed date by which all parties must be served;

3. A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

4. Whether the court should issue an order requiring electronic service. Counsel should advise the court regarding any preferred web-based electronic service provider;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6. Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7. A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8. A description of the major factual and legal issues in the case. The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

9. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

10. A discovery plan, including the time need to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations). With respect to the discovery of electronically

stored information (ESI ), the plan should include:

    a.  Identification of the Information Management Systems used by the parties;

    b.  The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

    c.  The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

    d.  The format in which ESI will be produced;

    e.  Appropriate search criteria for focused requests.

    f.  A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11. Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12. Recommended dates and times for the following:

    a.  The next CMC;

    b.  A schedule for any contemplated ADR;

    c.  A filing deadline (and proposed briefing schedule) for any anticipated non-discovery motions.

    d.  With respect to class actions, the parties' tentative views on an appropriate deadline for a class certification motion to be filed.

1         To the extent the parties are unable to agree on any matter to be addressed in

2   the Joint Report, the positions of each party or of various parties should be set forth

3   separately.  The parties are encouraged to propose, either jointly or separately, any

4   approaches to case management that they believe will promote the fair and efficient

5   

6   handling of this case.

7   

8         DATED:     OCT 15 2019

9   

10                              **DAVID COHN**

                            David Cohn,

11                              Judge of the Superior Court

12  

13  

14  

15  

16  

17  

18  

19  

20  

21  

22  

23  

24  

25  

26  

27  

28  

Updated October 9, 2019

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## THE SAN BERNARDINO COUNTY COMPLEX LITIGATION PROGRAM

Department S-26 is the Complex Litigation Department for the Superior Court of the State of California, County of San Bernardino.  It is located at the San Bernardino Justice Center, 247 West Third Street, San Bernardino, CA 92415-0210, on the eighth floor.  Judge David Cohn presides in the Complex Litigation Department.  The telephone number for the Complex Litigation Department's Judicial Assistant is 909-521-3519.

## DEFINITION OF COMPLEX LITIGATION

As defined by California Rules of Court, rule 3.400(a), a complex case is one that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel.

Complex cases typically have one or more of the following features:

- A large number of separately represented parties.
- Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve.
- A substantial amount of documentary evidence.
- A large number of witnesses.
- Coordination with related actions pending in one or more courts in other counties or states or in a federal court.
- Substantial post-judgment judicial supervision.

Complex cases may include, but are not necessarily limited to, the following types of cases:

- Antitrust and trade regulation claims.
- Construction defect claims involving many parties or structures.
- Securities claims or investment losses involving many parties.
- Environmental or toxic tort claims involving many parties.
- Mass torts.
- Class actions.
- Claims brought under the Private Attorney General Act (PAGA).
- Insurance claims arising out of the types of claims listed above.
- Judicial Council Coordinated Proceedings (JCCP).
- Cases involving complex financial, scientific, or technological issues.

1

Revised August 10, 2016

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## CASES ASSIGNED TO THE COMPLEX LITIGATION DEPARTMENT

### A.   Cases Designated by a Plaintiff as Complex or Provisionally Complex

Commencing July 1, 2016, all cases designated by a plaintiff as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100) will be assigned initially to the Complex Litigation Department.  At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

A plaintiff designating the case as complex or provisionally complex must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A defendant who agrees that the case is complex or provisionally complex may indicate a "Joinder" on the *Civil Case Cover Sheet* (Form CM-100).

A defendant who disagrees that the case is complex or provisionally complex may raise the issue with the court at the Initial Case Management Conference.

### B.   Cases Counter-Designated By a Defendant as Complex or Provisionally Complex

Commencing July 1, 2016, all cases which were not designated by a plaintiff as complex or provisionally complex, but which are *counter-designated* by a defendant (or cross-defendant) as complex or provisionally complex on the *Civil Case Cover Sheet* (Judicial Council Form CM-100), will be assigned or re-assigned to the Complex Litigation Department.  At the time the counter-designation is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than forty-five days after the filing of the counter-designation.

A defendant or cross-defendant who files a complex counter-designation must serve a Notice of the Initial Case Management Conference and a copy of these guidelines no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

A plaintiff or other party who disagrees with the counter-designation may raise the issue with the court at the Initial Case Management Conference.

Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JUDGE DAVID COHN
DEPARTMENT S-26**

### C.  Other Cases Assigned to the Complex Litigation Department

Commencing July 1, 2016, whether or not the parties designate the case as complex or provisionally complex, the following cases will be initially assigned to the Complex Litigation Department:

- All Construction Defect Cases.
- All Class Actions.
- All Cases Involving Private Attorney General Act (PAGA) Claims.[1]
- All Judicial Council Coordinated Proceedings (JCCP).[2]

At the time the complaint is filed, the Court Clerk will schedule an Initial Case Management Conference as provided by California Rules of Court, rule 3.750, for a date no later than seventy-five days after the filing of the complaint.

The plaintiff must file and serve a Notice of the Initial Case Management Conference and a copy of these guidelines, along with service of the summons and complaint, no later than thirty days before the conference, and must file the Notice and Proof of Service with the court.

### REFERRAL TO THE COMPLEX LITIGATION DEPARTMENT BY OTHER DEPARTMENTS

Commencing July 1, 2016, a judge who is assigned to a case may, but is not required to, refer the case to the Complex Litigation Department to be considered for treatment as a complex case if (1) the case was previously designated by a party as complex or provisionally complex, or (2) the referring judge deems the case to involve issues of considerable legal, evidentiary, or logistical complexity, such that the case would be best served by assignment to the Complex Litigation Department.  Such a referral is not a re-assignment, but is a referral for consideration.

In any case referred by another judge to the Complex Litigation Department, the Complex Litigation Department will schedule an Initial Case Management Conference within thirty days and will provide notice to all parties along with a copy of these guidelines.  If the case is determined by the Complex Litigation Department to be appropriate for treatment as a complex case, the case will be re-assigned to the Complex Litigation Department at that time.  If the case is determined by the Complex Litigation Department *not* to be complex, it will be returned to the referring judge.

---

[1]  The *Civil Case Cover Sheet* (Judicial Council Form CM-100) may not reflect the presence of a PAGA claim. PAGA claims erroneously assigned to non-complex departments are subject to re-assignment by the assigned judge to the Complex Litigation Department.

[2]  Petitions for administrative writs of mandamus under Code of Civil Procedure section 1094 are also assigned to the Complex Litigation Department, but are not subject to these Guidelines and procedures.

3                                                                                  Revised August 10, 2016

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO**
**JUDGE DAVID COHN**
**DEPARTMENT S-26**

## STAY OF DISCOVERY PENDING THE INITIAL CASE MANAGEMENT CONFERENCE

Commencing July 1, 2016, for cases that are assigned to the Complex Litigation Department, discovery is automatically stayed pending the Initial Case Management Conference, or until further order of the court.  Discovery is not automatically stayed, however, for cases that were initially assigned to other departments and are referred to the Complex Litigation Department for consideration, unless the referring judge stays discovery pending determination by the Complex Litigation whether the case should be treated as complex.

## OBLIGATION TO CONFER BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE

Prior to the Initial Case Management Conference, all parties are required to meet and confer to discuss the items specified in California Rules of Court, rule 3.750(b), and they are required to prepare a Joint Statement specifying the following:

- Whether additional parties are likely to be added, and a proposed date by which any such parties must be served.
- Each party's position whether the case should or should not be treated as a complex.
- Whether there are applicable arbitration agreements.
- Whether there is related litigation pending in state or federal court.
- A description of the major legal and factual issues involved in the case.
- Any discovery or trial preparation procedures on which the parties agree.  The parties should address what discovery will be required, whether discovery should be conducted in phases or otherwise limited, and whether the parties agree to electronic service and an electronic document depository and, if so, their preferred web-based electronic service provider.
- An estimate of the time needed to conduct discovery and to prepare for trial.
- The parties' views on an appropriate mechanism for Alternative Dispute Resolution.
- Any other matters on which the parties request a court ruling.

The Joint Statement is to be filed directly in the Complex Litigation Department no later than five calendar days before the conference.  This requirement of a Joint Statement is not satisfied by using Judicial Council Form CM-110, pursuant to California Rules of Court, rule 3.725(a), or by parties filing individual statements.  Failure to participate meaningfully in the "meet and confer" process or failure to submit a Joint Statement may result in the imposition of monetary or other sanctions.

4

Revised August 10, 2016

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

## THE INITIAL CASE MANAGEMENT CONFERENCE

At the Initial Case Management Conference, the court will determine whether the action is a complex case, as required by California Rules of Court, rule 3.403. If the court determines the case is complex, the court will issue further management-related orders at that time. If the court determines the case is not complex, the case may be retained by the judge in Department S-26, but not treated as a complex case, or it may be reassigned to a different department; if the case was referred by another judge and the case is found to be inappropriate for treatment as a complex case, the case will be returned to the referring judge.

At the Initial Case Management Conference, the court and counsel will address the subjects listed in California Rules of Court, rule 3.750(b), and all issues presented by the Joint Statement.

Once a case is deemed complex, the function of the Initial Case Management Conference and all subsequent Case Management Conferences is to facilitate discovery, motion practice, and trial preparation, and to discuss appropriate mechanisms for settlement negotiations.

Lead counsel should attend the Initial Case Management Conference. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed at the conference. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

## CASE MANAGEMENT ORDERS

In most cases, the court will issue formal, written case management orders. Typically, complex construction defect cases will proceed pursuant to such an order. Other cases involving numerous parties or unusual logistical complexity will likely be appropriate for such a written order as well. The need for a written case management order will be discussed at the Initial Case Management Conference or at later times as the need arises. The parties will prepare such orders as directed by the court.

Revised August 10, 2016

# GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO**
**JUDGE DAVID COHN**
**DEPARTMENT S-26**

## FURTHER CASE MANAGEMENT CONFERENCES

After the Initial Case Management Conference, the court will schedule further case management conferences as necessary and appropriate on a case-by-case basis. As issues arise during discovery and preparation for trial, the parties may also request additional case management conferences by making arrangements through the Judicial Assistant assigned to the Complex Litigation Department (909-521-3519). The court will schedule such additional case management conferences at the earliest opportunity.

As with the Initial Case Management Conference, lead counsel should attend all case management conferences. Counsel with secondary responsibility for the case may attend in lieu of lead counsel, but only if he or she is fully informed about the case and has full authority to proceed on all issues to be addressed. "Special Appearance" counsel (lawyers who are not the attorneys of record) are not allowed. With the exception of minor parties (e.g., subcontractors with a limited scope of work in large construction defect cases), telephonic appearances are discouraged. California Rule of Court, rule 3.670, subdivision (f)(2), authorizes the court to require attendance at hearings in person "if the court determines on a hearing-by-hearing basis that a personal appearance would materially assist in the determination of the proceedings or in the effective management or resolution of the particular case." To assist the court in making this "hearing-by-hearing" determination, any party who intends to attend the Initial Case Management Conference telephonically must notify the court of such intention no later than five court days before the hearing. The court will make a determination at that time whether or not personal attendance is required.

## VOLUNTARY SETTLEMENT CONFERENCES

If all parties agree, the court is available to conduct settlement conferences. Requests for settlement conferences may be made at any Case Management Conference or hearing, or by telephoning the Judicial Assistant for the Complex Litigation Department (909-521-3519).

## MANDATORY SETTLEMENT CONFERENCES

In appropriate cases, the court may order mandatory settlement conferences. Parties with full settlement authority, including insurance adjustors with full settlement authority, must attend all mandatory settlement conferences in person. Availability by telephone is not allowed at mandatory settlement conferences.

Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO**
**JUDGE DAVID COHN**
**DEPARTMENT S-26**

### MANAGEMENT OF CLASS ACTIONS

In class actions and putative class actions that are deemed complex, the Initial Case Management Conference will function as the Case Conference required by California Rules of Court, rules 3.762 and 3.763.

### OBLIGATION TO MEET AND CONFER REGARDING MOTIONS

In addition to any other requirement to "meet and confer" imposed by statute or Rule of Court in connection with motions, all counsel and unrepresented parties are required to "meet and confer" in a good faith attempt to eliminate the necessity for a hearing on a pending motion, or to resolve or narrow some of the issues. The moving party must arrange for the conference, which can be conducted in person or by telephone, to be held no later than four calendar days before the hearing. No later than two calendar days before the hearing, the moving party is required to file a notice in the Complex Litigation Department, with service on all parties, specifying whether the conference has occurred and specifying any issues that have been resolved. If the need for a hearing has been eliminated, the motion may simply be taken off-calendar. Failure to participate meaningfully in the conference may result in the imposition of monetary or other sanctions.

The obligation to "meet and confer" does not apply to applications to appear *pro hac vice* or to motions to withdraw as counsel of record.

### FORMAT OF PAPERS FILED IN CONNECTION WITH MOTIONS

Counsel and unrepresented parties must comply with all applicable statutes, Rules of Court, and Local Rules regarding motions, including but not limited to their format. Additionally, exhibits attached to motions and oppositions must be separately *tabbed*, so that exhibits can be easily identified and retrieved.

### ELECTRONIC SERVICE AND DOCUMENT DEPOSITORY

The parties, especially in cases involving numerous parties or large quantities of documents, are encouraged to agree to electronic service for all pleadings, motions, and other materials filed with the court as well as all discovery requests, discovery responses, and correspondence. Nevertheless, parties must still submit "hard" copies to the court of any pleadings, motions, or other materials that are to be filed.

### INFORMAL DISCOVERY CONFERENCES

The court is available for informal discovery conferences at the request of counsel. Such conferences may address the scope of allowable discovery, the order of discovery, issues of privilege,

7

Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO**
**JUDGE DAVID COHN**
**DEPARTMENT S-26**

and other discovery issues that may arise.  Counsel may contact the Judicial Assistant assigned to the Complex Litigation Department to schedule an informal conference (909-521-3519).

Before filing any discovery motion, the moving party is required to "meet and confer" with counsel as required by statute.  If the "meet and confer" exchange fails to resolve all issues, the moving party is required to request an informal conference with the court before filing any discovery motion.

## CONFIDENTIAL DOCUMENT AND PROTECTIVE ORDERS

Proposed protective orders dealing with confidential documents should state expressly that nothing in the order excuses compliance with California Rules of Court, rules 2.550 and 2.551.  Proposed protective orders that are not compliant with the requirements of the Rules of Court will be rejected.

## THE PRETRIAL CONFERENCE

The court will schedule a pre-trial conference, generally thirty to sixty days in advance of the trial.  Counsel and the court will discuss the following matters, which counsel should be fully informed to address:

- Whether trial will be by jury or by the court.
- Anticipated motions *in limine* or the need for other pre-trial rulings.
- The anticipated length of trial.
- The order of proof and scheduling of witnesses, including realistic time estimates for each witness for both direct and cross-examination.
- If there is a large number of anticipated witnesses, whether counsel wish to have photographs taken of each witness to refresh the jury's recollection of each witness during closing argument and deliberation.
- Whether deposition testimony will be presented by video.
- The need for evidentiary rulings on any lengthy deposition testimony to be presented at trial.
- Stipulations of fact.
- Stipulations regarding the admission of exhibits into evidence.
- If there is a large amount of documentary evidence, how the exhibits will be presented in a meaningful way for the jury.
- The use of technology at trial, including but not limited to electronic evidence.
- Any unusual legal or evidentiary issues that may arise during the trial.

Revised August 10, 2016

## GUIDELINES FOR THE COMPLEX LITIGATION PROGRAM

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### JUDGE DAVID COHN
### DEPARTMENT S-26

### THE TRIAL READINESS CONFERENCE

Trial Readiness Conferences are held at 8:30 a.m. on the Thursday morning preceding the scheduled trial date. Counsel and unrepresented parties must comply fully with Local Rule 411.2, unless otherwise directed by the court. Failure to have the required materials available for the court may result in the imposition of monetary or other sanctions.

### TRIALS

Trial dates are generally Monday through Thursday, 10:00 a.m. to 12:00 p.m. and 1:30 p.m. to 4:30 p.m. Lengthy trials, however, may require deviation from this schedule. Unless otherwise ordered by the court, counsel and unrepresented parties must be present in the courtroom at least ten minutes before each session of trial is scheduled to begin.

Whenever possible, issues to be addressed outside the presence of the jury should be scheduled in a manner to avoid the need for the jury to wait.

Counsel are also directed to the "Rules and Requirements for Jury Trials" for Department S-26 (known as the "Green Sheet"). Copies are available upon request in Department S-26.

Revised August 10, 2016

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**         )
                             )    **ss.**

**COUNTY OF LOS ANGELES**    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is One Wilshire Boulevard, Suite 2200, Los Angeles, California 90017.

On October 31, 2019, I served the following documents described as:

**PLAINTIFF'S NOTICE OF CASE MANAGEMENT CONFERENCE**

on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as shown on the attached mailing list.

[ ]  (BY FACSIMILE)
I am readily familiar with the business practices of this office. The telephone number of the facsimile machine I used was (213) 489-9961. This facsimile machine complies with Rules 2003(3) of the California Rules of Court. Upon transmission, no error was reported by the facsimile machine and a printed copy of the machine's transmission record indicating that the transmission was successfully completed is attached to this declaration.

[ ]  (BY PERSONAL SERVICE)
By having copies personally delivered to the designated party(ies).

[ ]  (BY CASE ANYWHERE)
Based on a court order to accept service by electronic means, I caused a true and correct copy of the document(s) to be served electronically on counsel of record by transmission to Case Anywhere.

**[X]**  **(BY MAIL)**
I am familiar with my employer's mail collection and processing practices; know that mail is collected and deposited with the United States Postal Services on the same day it is deposited in the interoffice mail; and know that postage thereon is fully prepaid.

[ ]  (BY FEDERAL EXPRESS COURIER AND COURTESY EMAIL)
I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express delivery. Under that practice it would be deposited with the Federal Express Courier on that same day at Los Angeles, California in the ordinary course of business.

**[X]**  **(State)**      I declare under penalty of perjury that the above is true and correct.

[ ]  (Federal)     I declare that I am employed in the office of a member the Bar of this Court at whose direction the service was made.

Executed on October 31, 2019, at Los Angeles, California.

_____
GENESIS HERNANEZ

*Youngsuk Kim v. Benihana, Inc.,*
**Superior Court of California, County of San Bernardino, Case No.: CIVDS1928928**

## <u>SERVICE LIST</u>

### <u>Defendant's Agent for Service of Process</u>

Corporate Creations Network, Inc.
11380 Prosperity Farms Road #221E
Palm Beach Gardens, FL 33410

PROOF OF SERVICE

NOV 0 8 2019

# EXHIBIT D

Daniel J. Herling (SBN 103711)
djherling@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Telephone:  415-432-6000
Facsimile:   415-432-6001

Nicole V. Ozeran (SBN 302321)
nvozeran@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone:  310-586-3200
Facsimile:   310-586-3202

Attorneys for Defendant Benihana, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| YOUNGSUK KIM, an individual, and on behalf of other members of the general public similarly situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>BENIHANA, INC., and DOES 1-100, inclusive,<br><br>     Defendants. | Case No.:<br><br>**DECLARATION OF NICOLE THAUNG IN SUPPORT OF NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT** |

1

I, Nicole Thaung, declare:

1.     I am employed at Benihana, Inc. ("Benihana") as Chief Financial Officer.   In that capacity I have developed institutional knowledge concerning Benihana, including an in-depth knowledge of the sale and distribution of Benihana products throughout the United States.   I have personal knowledge of the facts contained in this declaration, unless otherwise indicated.

2.     I understand that, on September 26, 2019, an individual named Youngsuk Kim ("Plaintiff") commenced litigation in the Superior Court of the State of California, County of San Bernardino, against Benihana.   I also understand that Plaintiff filed a Complaint that is captioned as *Youngsuk Kim vs. Benihana, Inc.* and has been docketed as Case Number CIV DS 1928920 (the "Complaint").

3.     I further understand that the Complaint makes allegations against certain products sold by Benihana containing imitation crab meat, "including but not limited to Shrimp Lovers Roll, Shrimp Crunchy Roll, Alaskan Roll, Dragon Roll, Chili Shrimp Roll, Rainbow Roll, Spider Roll, Sumo Roll Baked, and Lobster Roll, and/or California Roll" (the "Products").   Compl. ¶ 2-3.

4.     In my role as Chief Financial Officer of Benihana, it is my understanding that since September 26, 2015, Benihana has sold over $5,000,000 of the Products in California, New York, Arizona and Texas.

5.     I understand that Benihana is incorporated in Delaware, with its principal place of business in Florida.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of November, 2019 at Aventura, Florida.

Nicole Thaung

2

DECLARATION OF NICOLE THAUNG IN SUPPORT OF NOTICE OF REMOVAL OF ACTION FROM STATE
COURT TO FEDERAL COURT

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that I filed the foregoing **DECLARATION OF NICOLE THAUNG IN SUPPORT OF NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT** electronically on November 13. 2019, with the Clerk of the United States District Court in the CM/ECF system, which will serve a notice of the filing upon all counsel or parties of record on the email addresses listed on the court website.

                                    */s/Daniel J. Herling*
                                      Daniel J. Herling

93224450v.1