1
Daniel J. Herling (SBN 103711)
djherling@mintz.com

2
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
44 Montgomery Street, 36th Floor

3
San Francisco, California 94104
Telephone: 415-432-6000

4
Facsimile: 415-432-6001

5
Nicole V. Ozeran (SBN 302321)
nvozeran@mintz.com

6
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2029 Century Park East, Suite 3100

7
Los Angeles, CA 90067
Telephone: 310-586-3200

8
Facsimile: 310-586-3202

9
Attorneys for Defendant Benihana, Inc.

10

11
**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

12

13

| | |
|---|---|
| 14  YOUNGSUK KIM, an individual, and | Case No. 5:19-cv-02196 FMO (KKx) |
| 15  on behalf of other members of the general public similarly situated; | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BENIHANA, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| 16  JENNIFER GREENE, an individual, and on behalf of other members of the | |
| 17  general public similarly situated | |
| 18                    Plaintiffs, | DATE:  May 28, 2020 TIME:  10:00 a.m. DEPT.: 6D JUDGE:  Hon. Fernando M. Olguin |
| 19         vs. | |
| 20  BENIHANA, INC.  a Florida | Complaint filed September 26, 2019 First Amended Complaint filed March 23, 2020 |
| 21  corporation, | |
| 22                    Defendant. | |
| 23 | |

24

25

26

27

28

# **TABLE OF CONTENTS**

I.   INTRODUCTION ...........................................................................1

II.  RELEVANT PROCEDURAL AND FACTUAL BACKGROUND..............2

    A.   Relevant Procedural Background..........................................2

    B.   Plaintiffs' Allegations .........................................................2

    C.   Benihana's Menus ...............................................................3

III. LEGAL STANDARD ....................................................................5

IV.  ARGUMENT..................................................................................5

    A.   Plaintiffs' CLRA, UCL, and FAL Claims Fail Because No Reasonable Consumer Would Have Been Misled by Benihana's Menu.........................................................................................5

        1.   Benihana's Menu Expressly States that the Food Products Are Made with Imitation Crab ......................7

        2.   Review of Other Items on the Menu Further Clarifies the Difference Between "Crab†" and "Crab" ..................9

        3.   It is Commonplace Knowledge that Kani Kama Crab is Imitation Crab ..........................................................9

    B.   Plaintiffs' Claim for Breach of Express Warranty Fails Because Benihana Did Not Expressly Warrant that the Subject Food Items Contained "Actual Crab Meat" ...........................................11

    C.   Plaintiffs Have No Basis for Their Claims Concerning Benihana's "California† Roll" .....................................................................12

V.   CONCLUSION ...........................................................................12

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*Adams v. Johnson*,
5
355 F.3d 1179 (9th Cir. 2004) ..................................................................5

6
*Baker v. Citibank (S.D.) N.A.*,
7
13 F. Supp. 2d 1037 (S.D. Cal. 1998) ......................................................5

8
*Dworkin v. Hustler Magazine, Inc.*,
9
867 F.2d 1188 (9th Cir. 1989) ..................................................................5

10
*Ecological Rights Foundation v. Pacific Gas & Elec. Co.*,
11
713 F.3d 502 (9th Cir. 2013) ....................................................................4

12
*Forouzesh v. Starbucks Corp.*,
No. CV 16-3830 PA, 2016 U.S. Dist. LEXIS 111701
13
(C.D. Cal. Aug. 19, 2016).......................................................................11

14
*Freeman v. Time, Inc.*,
15
68 F.3d 285 (9th Cir. 1995) ..................................................................7, 8

16
*Hishon v. King & Spalding*,
17
467 U.S. 69 (1984)....................................................................................5

18
*McGann v. Ernst & Young*,
19
102 F.3d 390 (9th Cir. 1996) ....................................................................5

20
*Pelayo v. Nestle USA, Inc., et al.*,
21
989 F. Supp. 2d 973 (C.D. Cal. 2013) ......................................................6

22
*Rooney v. Cumberland Packaging Corp.*,
12-cv-0033, 2012 WL 1512106 (S.D. Cal. Apr. 16, 2012)......................6
23

24
*Sperling v. Stein Mart, Inc.*,
No. EDCV 15-01411 BRO (KKx), 2016 U.S. Dist. LEXIS 111227
25
(C.D. Cal. Jan. 26, 2016) ..........................................................................7

26
*Swartz v. KPMG LLP*,
27
476 F.3d 756 (9th Cir. 2007) ....................................................................4

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BENIHANA, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ................................................................. 4

*Videtto v. Kellogg USA*,
    08-cv-01324, 2009 WL 1439086 (E.D. Cal. May 21, 2009) .............................. 6

*Viggiano v. Hansen Natural Corp.*,
    944 F. Supp. 2d 877 (C.D. Cal. 2013)................................................. 11

*Weisbuch v. Cnty. of L.A.*,
    119 F.3d 778 (9th Cir. 1997) ............................................................. 5

*Werbel v. Pepsico, Inc.*,
    09-cv-04465-SBA, 2010 U.S. Dist. LEXIS 76289
    (N.D. Cal. July 1, 2010)................................................................. 6

**California Cases**

*Weinstat v. Dentsply Int'l, Inc.*,
    180 Cal. App. 4th 1213 (2010) ........................................................ 11

**Other State Cases**

*Chansue Kang v. P.F. Chang's China Bistro, Inc.*,
    Case No. 19-cv-02252-PA (SPx) (C.D. Cal. Jan. 9, 2020) ................... 1, 8, 9, 11

**California Statutes**

Cal. Civ. Proc. Code § 1750 ("Consumers Legal Remedies Act" or
    "CLRA").......................................................................... *passim*

Cal. Bus. & Prof. Code § 17500 ("False Advertising Law" or "FAL") ......... *passim*

Cal. Bus. & Prof. Code § 17200 ("Unfair Competition Law" or "UCL") ...... *passim*

**Other Authorities**

Fed. R. Civ. Proc. 12(c) ............................................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BENIHANA, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The instant suit is a second attempt at alleging unsupported claims under California law.  In November 2019, Plaintiffs' counsel brought a nearly identical suit against P.F. Chang's, alleging that P.F. Chang's failed to disclose that its food products were made with imitation crab.  The matter, styled as *Chansue Kang v. P.F. Chang's China Bistro, Inc.*, No. 19-cv-02252-PA (SPx) (C.D. Cal. Jan. 9, 2020), was dismissed: the Honorable Percy Anderson finding that the plaintiff's allegations failed to satisfy the reasonable consumer test because the menu made clear that the food products at issue contained imitation crab.  The same reasoning and result should be applied here.

Plaintiffs Youngsuk Kim and Jennifer Greene (collectively "Plaintiffs") acknowledge that Benihana's menu describes the subject sushi rolls as containing kani kama crab and kani kama crab mix.  Plaintiffs also acknowledge that the menu explains that "Kani kama crab & kani kama crab mix contain imitation crab."  Yet, Plaintiffs claim they were misled because the menu fails to inform consumers that the sushi rolls did *not* contain "actual crab meat."  Plaintiffs' claims defy common sense—the menu explicitly states that the sushi rolls contain imitation crab and never states that "actual crab meat" is used in the products; no reasonable consumer would expect the rolls to nonetheless contain "actual crab meat."  Moreover, if a restaurant customer was unsure whether the products contained "actual crab meat," he or she could have easily asked a Benihana employee for clarification.

Accordingly, as no reasonable consumer would have been misled by Benihana's menus, Benihana's Motion for Judgment on the Pleadings should be granted and each of Plaintiffs' claims should be dismissed with prejudice.

1

## II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

### A.    Relevant Procedural Background

Plaintiff Youngsuk Kim filed the Complaint in California state court on September 26, 2019.  Dkt. No. 3, Ex. A.  Benihana removed the matter on November 13, 2019.  Dkt. No. 3.  On March 20, 2020, Plaintiff Kim sought leave through stipulation to file a First Amended Complaint, naming an additional plaintiff and adding numerous subclasses.  Dkt. No. 25.  This Court granted the stipulated request (Dkt. No. 26), and on March 23, 2020, Plaintiffs filed the instant First Amended Complaint.  Dkt. No. 27.

On April 22, 2020, Benihana filed its Answer to the First Amended Complaint. Dkt. No. 32.  Benihana brings the instant Motion for Judgment on the Pleadings.

### B.    Plaintiffs' Allegations

Plaintiffs allege claims for violation of the Consumers Legal Remedies Act, California Civil Code § 1750 ("CLRA"); the Unfair Competition Law, Business and Professions Code § 17200 ("UCL"); and, the False Advertising Law, Business & Professions Code § 17500 ("FAL"), as well as breach of express warranty, arising from Benihana's description of various food items on its menu.   Specifically, Plaintiffs allege that food items on Benihana's menu, "including but not limited to Shrimp Lovers Roll, Shrimp Crunchy Roll, Alaskan Roll, Dragon Roll, Chili Shrimp Roll, Rainbow Roll, Spider Roll, Sumo Roll Baked, and Lobster Roll, and/or California Roll (hereinafter the 'Food Product(s)')," claim to contain "crab," but that no "actual crab meat" is used in the Food Products.  Dkt. No. 27, ¶¶ 2, 3.

Plaintiffs acknowledge that the subject "menu items provide notice that 'Kani kama crab' and 'kani kama crab mix' contain imitation crab."  Dkt. No. 27, ¶ 3. Plaintiffs, nonetheless, allege that Benihana "failed to disclose that the Food Products contain 'Kani kama crab' or 'kani kama crab mix,' thereby misleading and deceiving their [*sic*] customers into believing that the Food Products contain actual crab meat."

2

1   *Id.*  Plaintiffs allegedly purchased the Food Products in reliance on Benihana's menu.

2   *Id.* at ¶¶ 6, 15, 16.

3       **C.     Benihana's Menus**

4           Benihana's menu provides product descriptions for each of the Food

5   Products, except the California roll:

**SHRIMP LOVERS ROLL** 12.1
Crab†, avocado, shrimp tempura, shrimp, cucumber.

**ALASKAN ROLL** 12.4
Crab†, avocado, salmon*, cucumber.

**SHRIMP CRUNCHY ROLL** 9.8
Shrimp tempura, avocado, cucumber, crab†,
tempura crumbs.

**DRAGON ROLL** 12.4
Eel, avocado, crab†, cucumber.

**RAINBOW ROLL** 12.4
Tuna*, shrimp, yellowtail*, izumidai*, salmon*, crab†,
avocado, cucumber.

**SPIDER ROLL** 12.4
Soft shell crab, crab†, green leaf, cucumber,
avocado, soybean paper, yamagobo.

**SUMO ROLL** *Baked* 13.65
Crab†, avocado, cucumber, shrimp tempura,
salmon, smelt roe, special mayo sauce.

**LOBSTER ROLL** 22.7
Lobster tempura, crab†, cucumber, romaine lettuce.
Comes with one Lobster Roll and two Lobster Hand Rolls.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BENIHANA, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

*See* Declaration of Jeannie Means filed in Support of Benihana's Request for Judicial Notice ("Means Decl. ISO RFJN"), Ex. 1.[1]

The California roll does not include a list of ingredients; it is simply listed as:

**CALIFORNIA† ROLL** 6.7

*Id.*

Slightly to the left of the Food Products, the menu states:

†Kani kama crab & kani kama crab mix contain imitation crab.

*Id.* The menu's disclaimer appears on the same page as the Food Products.[2]  Means Decl. ISO RFJN, Ex. 1.

_____

[1] On a motion for judgment on the pleadings, as with a motion to dismiss, a court's review is generally limited to facts alleged on the face of the complaint and to exhibits attached to the complaint. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Under the "incorporation by reference" doctrine, however, a court may take into account documents that are not attached to the complaint, and whose authenticity no party questions, so long as the complaint refers extensively to the documents, or the documents are "central" to the complaint. *Ecological Rights Foundation v. Pacific Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994)). "Whether a document is 'central' to a complaint turns on whether the complaint 'necessarily relies' on that document." *Ecological Rights*, 713 F.3d at 511 (citation omitted).  Here, Plaintiffs' First Amended Complaint extensively references Benihana's menu and the menu is central to Plaintiffs' claims, as the menu allegedly falsely advertised the Food Products. *See* Dkt. No. 27.  Accordingly, the Court may consider the menus used at Benihana's California locations during the putative class period.  *Wright v. Gen. Mills, Inc.*, No. 08cv1532 L(NLS), 2009 U.S. Dist. LEXIS 90576, at *12-13 (S.D. Cal. Sep. 30, 2009).  Nonetheless, in an abundance of caution, Benihana also seeks judicial notice of the menu.  *See* Benihana's RFJN.

[2] Chamber's copies of the moving papers and Benihana's menu have been provided. The menu, as provided to customers in-store, is 19.5" x 9.75" and the Health Department and kani kama crab disclaimers are in font size 6.792.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BENIHANA, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.  LEGAL STANDARD

A motion for judgment on the pleadings is a vehicle for summary adjudication, but the standard is like that of a motion to dismiss.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Dworkin v. Hustler Magazine, Inc*., 867 F.2d 1188, 1192 (9th Cir. 1989).  It is "functionally identical" to a motion to dismiss for failure to state a claim; the only significant difference is that a motion pursuant to Rule 12(c) is properly brought "after the pleadings are closed - but early enough not to delay trial." FED. R. CIV. P. 12(C).  The Court may grant judgment on the pleadings "when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996); *Baker v. Citibank (S.D.) N.A*., 13 F. Supp. 2d 1037, 1044 (S.D. Cal. 1998).  However, mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Furthermore, a plaintiff may plead himself out of court "if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of L.A*., 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

Documents attached to, incorporated by reference in, or integral to the complaint may be properly considered under Rule 12(c) without converting the motion into one for summary judgment.  *See Rose v. Chase Manhattan Bank USA*, 396 F. Supp. 2d 1116, 1119 (C.D. Cal. 2005); *see also, supra,* fn. 1; *see also* RFJN.

### IV.  ARGUMENT

    **A.**    **Plaintiffs' CLRA, UCL, and FAL Claims Fail Because No Reasonable Consumer Would Have Been Misled by Benihana's Menu**

Claims brought pursuant to the CLRA, UCL, and FAL are governed by the "reasonable consumer" test. *Ebner v. Fresh, Inc*., 818 F.3d 799, 806 (9th Cir. 2016). "Under this standard, Plaintiff[s] must 'show that members of the public are likely to

be deceived.'" *Id.* (citation omitted).  The reasonable consumer standard "requires more than a mere possibility that [the defendant's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Id.* (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).

While the question of whether a business practice is deceptive typically presents a question of fact that is not amenable to resolution on a motion to dismiss, in certain cases, "the Court can properly make this determination and resolve such claims based on its review of the product packaging." *Pelayo v. Nestle USA, Inc., et al.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) (citing *Brockey v. Moore,* 107 Cal. App. 4th 86, 100 (2003) ("the primary evidence in a false advertising case is the advertising itself").  Thus, where a court "can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate." *Id.*; *see also Rooney v. Cumberland Packaging Corp.*, 12-cv-0033, 2012 WL 1512106, at *4 (S.D. Cal. Apr. 16, 2012) (dismissing without leave to amend a complaint alleging that "Sugar in the Raw" was deceptive because it was actually processed and not natural sugar); *Werbel v. Pepsico, Inc.*, 09-cv-04465-SBA, 2010 U.S. Dist. LEXIS 76289 (N.D. Cal. July 1, 2010) (holding as a matter of law that no reasonable consumer would be led to believe that "Cap'n Crunch's Crunch Berries" cereal contained real fruit berries despite the use of the word berries in the product); *Videtto v. Kellogg USA*, 08-cv-01324, 2009 WL 1439086, at *2-3 (E.D. Cal. May 21, 2009) (dismissing without leave to amend UCL, FAL, and CLRA claims finding no reasonable consumer would believe "Froot Loops" cereal contained "real, nutritious fruit").

Resolution on a motion for judgment on the pleadings is appropriate here. Earlier this year, the Honorable Percy Anderson dismissed a nearly identical complaint filed by Plaintiffs' counsel against P.F. Chang's for failure to satisfy the reasonable consumer standard. *Kang v. P.F. Chang's China Bistro, Inc.*, Case No.

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BENIHANA, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

19-cv-02252-PA (SPx) (Dkt. No. 23) (Minute Order Granting Defendant's Motion to Dismiss).

### 1. *Benihana's Menu Expressly States that the Food Products Are Made with Imitation Crab*

Plaintiffs allege:

> Although these menu items provide notice that "Kani kama crab" and "kani kama crab mix" contain imitation crab, they have failed to disclose that the Food Products contain "Kani kama crab" or "kani kama crab mix."

Dkt. No. 27, ¶ 3.

Plaintiffs admit the menu fully discloses that the Food Products are made with imitation crab. *Id.* Plaintiffs' claims are therefore meritless.

Even if we give Plaintiffs the benefit of the doubt and assume that Plaintniffs meant to say the *menu* provides notice that "Kani kama crab" and "kani kama crab mix" contain imitation crab, but that the menu fails to disclose that the Food Products contain "Kani kama crab" or "kani kama crab mix," Plaintiffs' claims still fail. Means Decl. ISO RFJN, Ex. 1.  Since at least as early as 2015 to present-day, Benihana's menu has described the Shrimp Lovers Roll, Shrimp Crunchy Roll, Alaskan Roll, Dragon Roll, Chili Shrimp Roll, Rainbow Roll, Spider Roll, Sumo Roll Baked, and Lobster Roll as containing "crab[†]" and lists its version of a California roll as "California[†] Roll."  *See id.*  The reference symbol used when denoting "crab[†]" and "California[†] Roll" is defined on the same page of the menu as "Kani kama crab & kani kama crab mix contain imitation crab."  *Id.*

A reasonable consumer would not "ignore the qualifying language in small print." *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) ("Any persons . . . would be put on notice . . .  simply by doing sufficient reading [of the label]."); *Sperling v. Stein Mart, Inc.*, No. EDCV 15-01411 BRO (KKx), 2016 U.S. Dist. LEXIS 111227, at *20 (C.D. Cal. Jan. 26, 2016) (finding that plaintiff failed to satisfy

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BENIHANA, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

reasonable consumer standard where she ignored defendant's use of an asterisk referencing the defendant's policy, which expressly defined the term at the center of plaintiff's complaint); *Clark v. Perfect Bar, LLC*, No. C 18-06006 WHA, 2018 U.S. Dist. LEXIS 219487, at *2 (N.D. Cal. Dec. 21, 2018) ("No consumer, on notice of the actual ingredients described on the packaging including honey and sugar, could reasonably overestimate the health benefits of the bar merely because the packaging elsewhere refers to it as a health bar . . .")).  Accordingly, Plaintiffs fail to state a claim, as their CLRA, FAL, and UCL causes of action do not satisfy the reasonable consumer standard.  No reasonable consumer would have been misled by Benihana's menu where "[n]one of the qualifying language is hidden or unreadably small."[3] *Freeman v. Time, Inc.*, 68 F.3d at 289.

Plaintiffs' counsel conceded this point in their Opposition to P.F. Chang's Motion to Dismiss.  There, Plaintiffs' counsel argued that to not be misleading, a defendant's menu "could and should have . . . provided a further explanation [of] 'krab mix.'"  *Kang v. P.F. Chang's China Bistro, Inc.*, Case No. 19-cv-02252-PA (SPx) (Dkt. No. 14 at 8).  Benihana's menu does exactly that—Benihana's menu lists the Food Products as containing "crab[†]" and provides an explanation of the reference mark, explicitly "provid[ing] a further explanation" that the products are made with imitation crab.  *See* Means Decl. ISO RFJN, Ex. 1.

Any argument by Plaintiffs that *P.F. Chang's* differs from the instant matter because P.F. Chang's used a "fanciful take on the word 'crab'" would fail.  *Kang v.*

---

[3] Benihana's menu's footnote defining "crab[†]" is clearly defined and reasonably visible.  In fact, the kani kama crab disclaimer appears directly below and in the same font and font size as a disclaimer concerning the sale of raw fish, which is made in accordance with California Health and Safety Code § 114093 and FDA Food Code 3-603.11.  *See* Means Decl. ISO RFJN, Ex. 1; Cal. Health & Saf. Code § 114093 (allowing disclaimers to appear in footnotes); FDA Food Code 3-603.11 (same).

1   *P.F. Chang's China Bistro, Inc.* (Dkt. No. 23 at 5).  Here, Benihana has an explicit

2   disclosure concerning the ingredients in the Food Products—this is even more

3   straightforward than any "fanciful" spelling.  Accordingly, no reasonable consumer

4   could be misled by Benihana's clear and unambiguous menu.

            **2.**      *Review of Other Items on the Menu Further Clarifies the*
5                        *Difference Between "Crab†" and "Crab"*

6

7           Just as in *P.F. Chang's*, a reasonable consumer's evaluation of Benihana's

8   menu would reveal that "crab†" refers to imitation crab, as other items are listed as

9   containing simply "crab."  *See generally* Means Decl. ISO RFJN, Ex. 1.  A

10  reasonable consumer would recognize that the use of "crab†" for some items and

11  "crab" for others, denotes that "crab†" is not the same as "crab."  *See Kang v. P.F.*

12  *Chang's China Bistro, Inc.* (Dkt. No. 23 (citing *Freeman v. Time, Inc*., 68 F.3d 285,

13  290 (9th Cir. 1995) ("Any ambiguity that Freeman would have read into any

14  particular statement is dispelled by the promotion as a whole.")))  When a reasonable

15  consumer orders an item with "crab†," that consumer knows that the item does not

16  consist of "crab," simply by recognizing the difference in the two words.  Because

17  no reasonable consumer could be confused by this, Plaintiff fails to state a viable

18  CLRA, UCL, and FAL claim and Benihana's Motion should be granted.

            **3.**      *It is Commonplace Knowledge that Kani Kama Crab is Imitation*
19                       *Crab*

20

21          It is expected that Plaintiffs will make a last ditch argument that Benihana's

22  statement that "Kani kama crab & kani kama crab mix contain imitation crab" is

23  misleading because it does not explicitly state that "Kani kama crab" and "kani kama

24  crab mix" do <u>not</u> contain "actual crab meat."  This argument fails because "kani kama

25  crab" is widely understood to mean imitation crab.  A simple Google search for "kani

26  kama crab" illustrates this.  *See, e.g.*, https://en.wikipedia.org/wiki/Crab_stick

27  (stating "Sugiyo Co., Ltd. (スギヨ, Sugiyo) of Japan first produced and patented

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BENIHANA, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

1   imitation crab meat in 1974, as Kanikama."); (last visited April 16, 2020);

2   https://store.catalinaop.com/products/frozen-cooked-imitation-crab-meat-kani-

3   kama (selling "Imitation Crab Meat (Kani Kama).") (last visited April 16, 2020);

4   https://www.sushifaq.com/sushi-sashimi-info/sushi-item-profiles/kanikama-or-

5   surimi/ (stating "KaniKama, or imitation crab meat, is the sticks of fake crab meat

6   which are used in the popular California roll.") (last visited April 16, 2020).

7          Kani kama crab has a common definition and understanding and, therefore,

8   cannot mislead a reasonable consumer into believing that it contains "actual crab

9   meat"—any misunderstanding by Plaintiffs that kana kama crab contains any amount

10  of "actual crab meat" is unreasonable.  *See Cheslow v. Ghirardelli Chocolate*

11  *Company*, Case No. 4:19-cv-07467-PJH, (Dkt. No. 34), at p. 9 (N.D. Cal. April 8,

12  2020) (dismissing false advertising claims where "it would not be appropriate to base

13  liability off of a misunderstanding of the word white," as it has a "commonplace"

14  meaning); *see also Ebner v. Fresh, Inc*., 838 F.3d 958 (9th Cir. 2016) (finding that a

15  consumer's unreasonable understanding of a product's commonplace features cannot

16  give rise to liability); *see also Becerra* v. *Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225,

17  1230 (9th Cir. 2019) ("Just because some consumers may unreasonably interpret the

18  term differently does not render the use of 'diet' in a soda's brand name false or

19  deceptive."  (Citations omitted).)

20         Plaintiffs' claims cannot survive simply because Plaintiffs unreasonably

21  assumed that the Food Products contained "actual crab meat."  And, any attempt to

22  argue that a menu must list every ingredient that a product does not contain, should

23  be rejected.  If the Court were to accept such a theory, it would place an incredible

24  and undue burden on all companies.  It is unreasonable and simply impossible to list

25  every ingredient that is *not* in a product, nor do consumers expect such disclaimers.

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BENIHANA, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

1

2

### B. Plaintiffs' Claim for Breach of Express Warranty Fails Because Benihana Did Not Expressly Warrant that the Subject Food Items Contained "Actual Crab Meat"

3

4

5

6

7

8

9

10

11

12

13

14

15

To prevail on a breach of express warranty claim, Plaintiffs must establish "(1) the seller's statements constitute an 'affirmation of fact or promise' or a 'description of the goods'; (2) the statement was 'part of the basis of the bargain'; and (3) the warranty was breached." *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010); *see also Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 893 (C.D. Cal. 2013) (also requiring that "the breach caused injury to plaintiff"). In the instant matter, Benihana has not stated that its Food Products contain "actual crab meat," nor did Benihana claim that the Food Products contained "fresh crab," "Blue crab," "Dungeness crab," or any other variety of "actual crab meat." Plaintiffs allege no facts suggesting that Benihana stated, or expressly warranted, that its Food Products contain "actual crab meat." And, in fact, Benihana expressly states that its Food Products contain "Kani kama crab & kani kama crab mix," which it defines as imitation crab. Means Decl. ISO RFJN, Ex. 1.

16

17

18

19

20

21

22

23

As a result, there is no statement by Benihana of any "fact or promise" that forms the basis of the bargain with Plaintiffs that Benihana has breached. "Plaintiff's strained interpretation of Defendant's menu descriptions, which is inconsistent with the understanding of a reasonable consumer, does not form the 'basis of the bargain' that could support a breach of express warranty claim in these circumstances." *Forouzesh v. Starbucks Corp.*, No. CV 16-3830 PA (AGRx), 2016 U.S. Dist. LEXIS 111701, at \*10-11 (C.D. Cal. Aug. 19, 2016); *see also Kang v. P.F. Chang's China Bistro, Inc.* (Dkt. No 23).

24

25

26

Plaintiffs have failed to plausibly allege that Benihana made any express warranty concerning its Food Products and thereby breached that same warranty. Plaintiffs therefore fail to state a viable claim for breach of express warranty.

27

28

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BENIHANA, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

1

2

### C.  Plaintiffs Have No Basis for Their Claims Concerning Benihana's "California[†] Roll"

3   Plaintiffs have failed to plausibly allege a false advertising or breach of

4   warranty claim against Benihana arising from Benihana's advertisement of its

5   "California[†] Roll."  Benihana's menu does not list any of the ingredients in the

6   "California[†] Roll."  Means Decl. ISO RFJN, Ex. 1.  Therefore, Plaintiffs' claims that

7   Benihana misleadingly advertised the "California[†] Roll" as containing crab fails and

8   all causes of action based on advertisement of the "California[†] Roll" should be

9   dismissed.

10  ## V.  CONCLUSION

11  Plaintiffs' claims against Benihana fail.  Where "[t]he actual ingredients were

12  fully disclosed," a consumer cannot be misled.  *Clark v. Perfect Bar, LLC*, 2018 U.S.

13  Dist. LEXIS 219487, at *2.  Plaintiffs acknowledge that Benihana's menu states that

14  the Food Products contain imitation crab; at the same time, however, Plaintiffs also

15  claim that the menu misled them to believe that the Food Products contain "actual

16  crab."

17  The First Amended Complaint fails to identify any basis for Plaintiffs'

18  unreasonable interpretation of the menu and their ignorance of the menu's list of

19  ingredients; in fact, no basis exists.  Plaintiffs' allegations defy common sense and

20  logic, and cannot satisfy the reasonable consumer standard.  This is particularly true

21  where "Kani kama crab" is commonly understood to mean imitation crab.  A

22  reasonable consumer would have read Benihana's product descriptions and explicit

23  statement regarding the Food Products' ingredients and understood that the Food

24  Products contain imitation crab – not actual crab meat.

25  ///

26  ///

27  ///

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BENIHANA, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS

1    Accordingly, Benihana's Motion for Judgment on the Pleadings should be
2 granted and Plaintiffs' false advertising and breach of warranty claims should be
3 dismissed with prejudice.
4
5 DATED:  April 29, 2020                    Respectfully Submitted,
6                                            MINTZ LEVIN COHN FERRIS
                                            GLOVSKY AND POPEO PC
7
8                                            By:  */s/Nicole V. Ozeran*
                                                 DANIEL J. HERLING
9                                                NICOLE V. OZERAN
10
11                                           Attorneys for Defendant,
                                            BENIHANA, INC.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BENIHANA, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS